# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| TEXAS HILL ENTERPRISES, GP, | No. 0:10-bk-11121-JMM |
| Debtor. | Adversary No. 0:11-ap-00153-JMM |
| 2M SALES, LLC, | **MEMORANDUM DECISION** |
| Plaintiff, | |
| v. | |
| TRAVELERS INSURANCE CO., | |
| Defendant. | |

Before the court is an application for an award of attorneys' fees pursuant to ARIZ. REV. STAT. § 12-341.01 (ECF No. 15). The matter was fully briefed and argued on February 10, 2012, and the court has considered all angles of the dispute. It now rules.

The adversary proceeding was odd in that it involved a dispute between two entities which, as the court noted in its order of June 10, 2011, served no bankruptcy purpose. Because the dispute had no "core" or "related-to" basis for being filed in the federal bankruptcy court, there was no jurisdiction for the bankruptcy court--which has limited powers--to decide the controversy. See, e.g., Stern v. Marshall, 131 S. Ct. 2594 (2011). The court dismissed the case, no appeal was taken and the decision is therefore final.

Now the prevailing defendant, Travelers Insurance Co., asks the court to grant it fees for its legal efforts in gaining dismissal of the suit against it. Insurance contract battles over

coverage almost always involve a squabble between an insurer and its insured. When there is no direct privity of contract between parties, as here, challenges and demands for payment rarely reach the courts. They tend to die on the vine.

But here, what would appear to be a simple request for fees must clear any number of substantial legal hurdles.

## ATTORNEYS' FEES AS PART OF A CLAIM

If this involved a claim with or against the <u>estate</u>, then Travelers has had some experience in this area. In a case recently heard by the U.S. Supreme Court, Travelers prevailed on its legal theory that post-petition attorneys' fees are not automatically disallowed solely because they were incurred in the litigation of bankruptcy law issues. <u>Travelers Cas. & Sur. Co. v. Pacific Gas & Elec. Co.</u>, 127 S.Ct. 1199 (2007).

But this isn't that type of a case. The bankruptcy estate is neutral in the current dispute between 2M Sales and Travelers. Any outcome is likewise neutral to the bankruptcy estate. As a consequence, the facts of the <u>Travelers</u>' case are not applicable to the current controversy.

## ARIZ. REV. STAT. § 12-341.01

Travelers theorizes that ARIZ. REV. STAT. § 12-341.01 allows this court to award it its fees. Assuming this court can utilize Arizona law--and not overlay federal law--does Arizona law authorize this remedy when the two parties here have never contracted with one another?

Cases do exist in Arizona jurisprudence which have allowed a successful litigant, who had no direct privity of contract with another, to succeed under ARIZ. REV. STAT. § 12-341.01. In <u>Ariz. Farmers Prod. Credit Ass'n v. Northside Hay Mill & Trading Co.</u>, 153 Ariz. 333, 736 P.2d 816 (Ct. App. 1987), a priority dispute erupted between two secured creditors, each of whom claimed a superior interest in the same collateral. Each had its own security agreement with the same debtor, in the same collateral. But only one could be held to be in the senior

position. Affirming the trial court, the Arizona Court of Appeals held that the dispute, arising out of <u>two</u> different contracts, did <u>not</u> require that the litigants actually had to have contracted with <u>each other</u>. The Court of Appeals held that, on remand, the prevailing party could receive a fee award against the junior lienholder--even though those parties were strangers--vis-a-vis one another--and were not in contractual privity. <u>Id.</u> 153 Ariz. at 336.

Application of the <u>Northside Hay Mill</u> principles to the instant dispute reveals that no Arizona legal impediment exists to prevent this court from awarding fees in favor of Travelers. But the facts in this case are significantly different from those in <u>Northside Hay Mill.</u> Here, 2M Sales was trying to obtain a favorable coverage question on a contract (1) to which it was not a party, and (2) which involved a third party's tort of conversion--an act excluded from coverage. Factually, this case is not so directly tied to the issues as was <u>Northside Hay Mill</u>.

How 2M Sales could even begin to advance a legal entitlement under another's insurance contract still baffles the court. But the theory is so far afield that it is difficult to conceive how it actually "arises out of" a contract. The theory is an odd mixture of contract and tort law that, for the practical mind of this judge, cannot square with the intent of ARIZ. REV. STAT. § 12-341.01.

Consequently, this court finds that ARIZ. REV. STAT. § 12-341.01 is not applicable to the facts and procedures related to this odd controversy.

### **THE AMERICAN RULE**

But the Travelers' request, based on state law principles, now bumps up against the final obstacle--federal law--which operates under other, equally accepted principles of jurisprudence.

Fee-shifting rules, in federal courts, favor the "American Rule," which mandates that fees are to be borne by each party, in the absence of a statute which specifically grants the fee award to a successful party, or an enforceable contract. <u>See</u> <u>Travelers</u>, 127 S.Ct. at 1203-04; <u>Alaska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 257 (1975).

Applying that rule to this case tilts against the Travelers' request. No federal statute gives Travelers the right to seek fees in a case such as this. Moreover, the dispute, to the extent it was a contractual one, was not properly before this court.

In addition, the court's discretion tips in the opposing direction from Travelers' plea, because of the uniqueness of the request. The Supreme Court, in <u>Travelers</u>, left an open question with regard to the denial of attorneys' fees under the American Rule in the presence of other facts, when it stated that "other principles of bankruptcy law might provide an independent basis for disallowing a claim for attorney's fees." 127 S.Ct. at 1208. This case involves two parties, with no bankruptcy purpose involved in their controversy, doing nothing more than selecting the wrong court to bring it in. Perhaps Travelers should have tactically considered a method to remove the case to the state courts, thereby perhaps gaining a more favorable forum for its fees argument. However, for this court, the jurisdictional impediment and the long-held principle of the "American Rule" support denial of Travelers' request.

## **CONCLUSION**

Therefore, a separate order will be entered which denies Travelers' request.[1] FED. R. BANKR. P. 9021. Any party aggrieved shall have 14 days within which to appeal. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Noticing
Center ("BNC") to all parties to this adversary proceeding

---

[1] The court notes that 2M Sales did not contest Travelers' "reasonableness" arguments. However, due to this court's ruling on other grounds, this theory is now moot.